**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Scott Payne, individually and on behalf of all others similarly situated,

Plaintiff,

v.

Hormel Foods Corp.; the Board of Directors of Hormel Foods Corp.; and John Does 1-40,

Defendants.

Case No. 24-cv-545 (SRN/SGE)

**ORDER**

---

This matter is before the Court upon the motion of Defendant Hormel Foods Corp. and its Board of Directors (collectively, "Hormel") to exclude consideration of Plaintiff Scott Payne's amended expert report or in the alternative for leave to file a sur-reply. For the reasons set forth below, the Court grants Hormel's motion.

## BACKGROUND

This case arises under the Employee Retirement Income Security Act of 1974 (ERISA). In a complaint filed on February 21, 2024, Mr. Payne, on behalf of himself and others similarly situated, alleges that Hormel imprudently administered two defined-contribution benefit plans - the Hormel Foods Corporation Tax Deferred Investment Plan A and the Hormel Foods Corporation Joint Earnings Profit Sharing Trust - in violation of its fiduciary duty.

On November 15, 2024, the parties submitted a Rule 26(f) Report. (Dkt. 35.) Among other things, the parties disagreed as to whether there should be separate expert

witness deadlines for class certification experts and merit experts. (*Id.* at 6-7.) Hormel took the position that the parties should disclose expert witnesses that would be relied upon for class certification in advance of the class certification briefing and set forth proposed dates for such disclosures and reports. (*Id.* at 7.) Mr. Payne opposed any separate deadlines for class certification experts, arguing that "there is no rule or procedure that authorizes separate experts for class certification proceedings." (*Id.* at 7.)

After considering the parties' positions, the Court entered the Pretrial Scheduling Order ("PTSO") on November 21, 2024. (Dkt. 37.) The Court ordered Mr. Payne to disclose class certification expert witnesses by April 23, 2025, and Hormel to disclose class certification expert witnesses by May 23, 2025. (*Id.* at 4.) The Court ordered separate deadlines for the parties' merits-based experts. (*Id.*)

Mr. Payne objected to this aspect of the PTSO, and raised the matter before the Honorable Susan Richard Nelson. (Dkt. 38.) He argued that the PTSO created an "unprecedented procedure" for discovery involving class certification experts that was clearly erroneous. (*See id.*) Judge Nelson disagreed and overruled Mr. Payne's objection. (Dkt. 46.) Judge Nelson then ordered the parties to submit a joint modified proposed PTSO to the Court. (*Id.*)

On January 16, 2025, following the parties' joint submission, the Court issued the Amended PTSO regarding expert discovery procedures. (Dkts. 47, 48.) Relevant here, the order provides that "[i]f a party designates an expert for class certification purposes, the designating party may also designate the expert for merits proceedings and may provide a supplemental expert report for such proceedings." (Dkt. 48, at 1.) The Court also amended

the dates for class certification expert disclosures and briefing. (*Id.* at 2.) The Plaintiff was required to disclose identities and disclosures of experts for purposes of class certification by June 4, 2025, and the Defendant was to disclose identities and disclosures of experts for purposes of class certification by July 3, 2025. (*Id.*) The briefing deadlines for class certification and its opposition were scheduled for later, August 4, 2025, and September 3, 2025, respectively. (*Id.* at 2.)

On September 18, 2025, the Court issued the Third Amended PTSO extending the expert disclosure dates for both class certification and the merits:

November 3, 2025: Mr. Payne to disclose class certification experts.

December 3, 2025: Hormel to disclose class certification experts.

March 2, 2026: Mr. Payne to disclose merits experts.

April 20, 2026: Hormel to disclose merits experts.

(Dkt. 69, at 1-2.) In December 2025, after the class-certification expert disclosure deadlines elapsed, the Court issued the Fourth Amended PTSO setting forth a new briefing schedule for class certification, and new deadlines for the disclosures of merits experts:

April 6, 2026: Motion for class certification due.

May 4, 2026: Opposition to class certification due.

June 1, 2026:[1] Reply in support of class certification due.

June 1, 2026: Mr. Payne to disclose merits experts.

July 20, 2026: Hormel to disclose merits experts.

---

[1] Judge Nelson later moved this date to June 5, 2026. (Dkt. 92.)

(Dkt. 76.) The Fourth Amended PTSO did not reopen the deadlines for class-certification expert disclosures, nor did Mr. Payne ask the Court to do so. (*See* Dkts. 74, 76.)

Mr. Payne did not disclose any experts on the class-certification disclosure date of November 3, 2025. This led Hormel to believe that Mr. Payne would not rely on any experts at the class-certification stage. Hormel therefore did not undertake expert discovery for purposes of class certification, nor did it obtain its own expert for rebuttal.

On April 6, 2026, Mr. Payne filed his motion for class certification. Again, he did not rely on or reference any expert report or expert testimony in support of the motion. (*See* Dkts. 86, 87.) In its opposition memorandum, Hormel argued that Mr. Payne "offered no expert testimony that would satisfy his obligation to show how he can adjudicate his claims of the absent class member[s] with common proof." (Dkt. 93, at 1; *see also id.* at 15, 21, 25.)

On June 1, 2026, the deadline for Mr. Payne's merits expert disclosures, Mr. Payne served the expert report of Christopher Tobe. On June 5, 2026, the day Mr. Payne's reply to the class certification motion was due, Mr. Payne served a "supplemental" Tobe report, which contained hundreds of changes to his original report. (*See* Secord Decl., Dkt. 123, Ex. 3 (redline comparing the two reports)). The same day, Payne filed his class certification reply memorandum, which relied heavily on Tobe's supplemental report. (*See* Dkt. 100.) Mr. Payne also filed the supplemental Tobe report as an exhibit to his class certification reply. (Dkt. 101.)

Hormel notified Judge Nelson that it believed that Mr. Payne's reliance on the Tobe report for purposes of class certification violated the PTSO and D. Minn. L.R. 7.1(c)(3),

which prohibits parties from raising new grounds for relief on reply. (Dkt. 105.) Mr. Payne disagreed, arguing that he was entitled to use Tobe, his merits expert, in the class certification context because class certification issues often overlap with the merits of underlying claims. (Dkt. 107, at 3.) Judge Nelson postponed the class certification hearing, ordered the parties to meet and confer, and, barring resolution, to file appropriate motions before the undersigned. (Dkt. 108.) After the parties' unsuccessfully tried to resolve the issue without court intervention, Hormel filed the instant motion to exclude the Tobe report from the class certification record or, in the alternative, to permit Hormel to file a sur-rebuttal. (Dkts. 120, 124.)

## DISCUSSION

It should be noted at the outset that there is no dispute as to the following: (1) Mr. Payne is entitled to use the same expert witness for class certification and merits determinations; (2) Mr. Payne is entitled to submit a supplemental expert report; (3) Mr. Payne is entitled to use Tobe as a merits-based expert regardless of the outcome of this motion; and (4) Payne did not disclose Tobe, or anyone else, as an expert witness for purposes of class certification. Rather, the Court must consider whether Mr. Payne's failure to disclose Tobe as a class certification expert violated the PTSO and, if so, whether sanctions are warranted.

Federal Rule of Civil Procedure 16(f)(1)(C) provides that the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Federal Rule of Civil Procedure 37(c)(1) in turn provides that "if a party fails to provide information or identify

a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Courts consider the following factors in determining whether a Rule 26(a) violation is justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party 's bad faith or willfulness." *Rodrick v. Wal-Mart Stores East, L.P.*, 666 F.3d 1093, 1097 (8th Cir. 2012) (citation omitted). "District courts have broad discretion when imposing sanctions under Rule 37 in conjunction with Rule 16(f)." *Barclay v. NordicTrack, Inc.*, No. 19-CV-2970 (ECT/DJF), 2024 WL 1697941, at *2 (D. Minn. Mar. 18, 2024).

**I. Substantially Justified**

There is no legitimate debate that Mr. Payne violated the PTSO by failing to disclose Tobe as an expert by the class certification disclosure deadline. Mr. Payne nevertheless argues that the scheduling order allowed him to file his merits expert report on reply to his class certification motion because the scheduling order "places no limit on how a disclosed expert may be used." (Dkt. 126, at 9.) In other words, because he is entitled to use Tobe's report - which is primarily focused on the merits - in any context, he was free to disregard the class certification deadline altogether and simply disclose experts for any purpose by the merits disclosure deadline. This is a nonsensical argument that ignores the disclosure provisions in the PTSO and renders the class certification expert deadlines irrelevant.

The PTSO required Mr. Payne to disclose experts to be used in the class certification context on November 3, 2025. He disclosed no one. If he had intended to use Tobe as an expert for both class certification and merits, he was required to disclose Tobe first, as a class certification expert as set forth in the scheduling order (November 3, 2025, for class certification, and June 1, 2026, for merits). He did not do so, instead surprising Hormel by using the Tobe report in his reply on class certification, which happened to be the same day Mr. Payne was required to disclose his merits expert – also Tobe.[2] In doing so, Mr. Payne plainly violated the PTSO and followed his preferred expert disclosure plan submitted originally in the 26(f) Report and later provided to Judge Nelson in his objections to the Pretrial Scheduling Order.

Mr. Payne offers unpersuasive justifications for having done so. At the hearing on this matter, counsel for Mr. Payne indicated that he could not comply with the November deadline for class certification experts because discovery was ongoing. This is the first time he has raised this issue. Even if this argument were somehow consistent with his overall argument that his late disclosure did not violate the PTSO, it is unpersuasive. If he needed more discovery in order to timely disclose his class certification expert, he should have asked the Court for additional time. He did not.

---

[2] Mr. Payne argues that Hormel concedes that the Tobe report was timely for purposes of class certification and that Hormel only disputes the timeliness of his supplemental report. (Dkt. 126, at 13-14.) Hormel has made no such concession. Hormel has simply acknowledged that Tobe was timely disclosed for purposes of his merits-based opinions.

Contradicting his earlier argument that he is entitled to use Tobe as both a class certification and merits expert (which is correct and not in dispute), Mr. Payne also argues that Tobe was not used as a class certification expert because his opinions, as set forth in his reply on class certification, are "merits opinions." (Dkt. 126, at 11-12.) The Court disagrees. Because Mr. Payne used Tobe to support his class certification motion, he was unquestionably used as a class certification expert. Even if, arguendo, the Tobe opinions are merits opinions, Mr. Payne relied heavily on the supplemental Tobe report in his class certification reply for purposes of establishing that a collective action is warranted. It does not matter that Tobe's opinions may also be used when the merits of the case are addressed. Nor does it matter that Tobe did not formulaically address each of the Rule 23 certification factors, as Mr. Payne suggests. The Court unambiguously ordered that experts being used in support of class certification were to be disclosed by certain dates – seven months before the disclosure of merits experts - regardless of the substance of their opinions. No order in this case can reasonably be read to the contrary.

## II. Prejudice to Hormel

Having determined that Mr. Payne failed to substantially justify his violation of the PTSO, the Court turns to the prejudice to Hormel. Because Mr. Payne used Tobe on reply and without disclosing him as a class certification expert, Hormel had no opportunity to depose Tobe in the class certification context or to properly challenge his opinions. Nor did Hormel have the opportunity to prepare or present its own expert rebuttal testimony in opposing class certification. Further, as Hormel argues, Mr. Payne's use of the Tobe report in the class certification context "prevented it from exploring crucial elements of his class

claim – including the basis for class-wide commonality and typicality, and, how his theory of breach and damages related to the Mass Mutual SAGIC Product can be prosecuted on a class wide basis." (Dkt. 122, at 17.) The Court's bifurcated scheduling order was designed to avoid this situation. Indeed, Mr. Payne's last-minute expert disclosure on reply is exactly the kind of surprise that scheduling orders are designed to prevent. *Barclay*, 2024 WL 1697941, at *3.

In *Barclay*, Chief Judge Tostrud excluded an expert report under very similar circumstances. In that case, as here, the pretrial scheduling order set a separate deadline for the disclosure of expert witnesses used to support a class certification motion. *Id.* at *3. Also as here, defendants did not disclose any class certification experts by the deadline and instead "submit[ed] their just-disclosed merits expert reports in opposition to class certification." *Id.* at *2. After determining that the late submission violated the scheduling order, Chief Judge Tostrud concluded that the plaintiffs were unduly prejudiced. *Id.* at *3. He specifically noted that the plaintiffs "did not know - and had no reason to know - that Defendants would submit any expert reports in opposition to class certification" and therefore had "no time to consider those expert reports, let alone the two months of preparation time contemplated by the scheduling order." *Id.* He concluded that "[t]his lost preparation is unfair surprise that prejudiced" the plaintiffs. *Id.*

The same is true here. As discussed, Hormel was surprised to find Tobe's opinion used by Mr. Payne on reply given that he was never disclosed as a class certification expert. Hormel therefore had no opportunity to depose Tobe, submit a rebuttal report, address Tobe's opinions in class certification opposition briefing, or to challenge the report under

*Daubert*. Given the bifurcated schedule established by the PTSO, Homel expected to have several months to conduct class certification expert discovery. Mr. Payne's surprise submission unfairly erased Hormel's ability to challenge Tobe or his opinions.

The Court also considers the disruption to the current schedule caused Mr. Payne's noncompliance with the PTSO. Accepting the supplemental Tobe report for class certification purposes will likely delay the case by several months. Allowing Hormel to simply file a sur-reply however, does not cure the prejudice inflicted.[3] Hormel would be entitled to engage in additional class certification discovery as to Tobe, to file a possible *Daubert* motion, and to prepare and present its own experts for rebuttal. This would delay class certification significantly and would render meaningless the bifurcation of class and merits proceedings, as ordered by the Court. This case is already well over two years old and further delay is unwarranted.

Given the history of this case, the Court is hard-pressed to conclude that Mr. Payne's conduct was not willful. From the outset, Mr. Payne opposed the bifurcated schedule that was ultimately adopted by the undersigned and affirmed by Judge Nelson. The PTSO unambiguously established separate disclosure dates for class certification and merits-based experts. Yet, Mr. Payne failed to comply, apparently choosing instead to try to merge class certification proceedings with the merits proceedings, as he initially proposed . Under

[3] Hormel requests that it be permitted to file a sur-reply if the Court is disinclined to exclude the Tobe report for class certification purposes. Hormel also explains, however, that such relief is insufficient and will create undue delays. The Court agrees that allowing a sur-reply will not meaningfully alleviate the prejudice to Hormel.

these circumstances, the Court concludes that excluding Tobe's report for purposes of class certification is merited.[4]

## CONCLUSION

Based on the foregoing and the file, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Defendants' Motion to Exclude (Dkt. 120) is **GRANTED**; and

2. The Report of Christopher Tobe (Dkt. 101-1) is excluded and shall not be considered in connection with Plaintiff's Motion for Class Certification (Dkt. 82).

Date: October 1, 2026

*s/Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge

[4] Given the foregoing, the Court need not consider whether Mr. Payne's late disclosure also violated Local Rule 7.1(c)(3), which prohibits "rais[ing] new grounds for relief or present[ing] matters that do not relate to the opposing party's response" in the reply memorandum.